FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 27 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RICHARD USSELMAN**                                                         PLAINTIFF

vs.                                        No. 4:20-cv-458-LPR

**TOTAL REFRIGERATION SERVICE, INC.,**                   DEFENDANTS
**JOSEPH SELJAN and TONYA SELJAN**

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Richard Usselman ("Plaintiff"), by and through his attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Total Refrigeration Service, Inc., Joseph Seljan and Tonya Seljan (collectively "Defendants"), he does hereby state and allege as follows:

### I.    JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff proper overtime compensation for all hours that Plaintiff worked.

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

4. Defendants conduct business within the State of Arkansas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

6. The acts alleged in this Complaint had their principal effect within the Central Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

7. Plaintiff is an individual and a resident and domiciliary of Arkansas.

8. Separate Defendant Total Refrigeration Service, Inc. ("Total Refrigeration") is a domestic, for-profit corporation.

9. Total Registration's registered agent for service is Joseph Seljan, at 721 Country Estates Road, Benton, Arkansas 72015.

10. Separate Defendant Joseph Seljan ("J. Seljan") is an individual and domiciliary of Arkansas.

11. Separate Defendant Tonya Seljan ("T. Seljan") is an individual and domiciliary of Arkansas.

12. Defendants maintain a website at https://totalrefrigerationservice.com.

### III.   FACTUAL ALLEGATIONS

13.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14.   J. Seljan is an owner, principal, officer and/or director of Total Refrigeration.

15.   J. Seljan manages and controls the day-to-day operations of Total Refrigeration, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

16.   T. Seljan is an owner, principal, officer and/or director of Total Refrigeration.

17.   T. Seljan manages and controls the day-to-day operations of Total Refrigeration, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

18.   Defendants primary business is providing refrigeration services such as refrigerator installation and maintenance.

19.   During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as replacement parts for refrigerators.

20.   Each Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level

that are separately stated) during each of the three calendar years preceding the filing of this complaint.

21. In the course of his work for Defendants, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, all of which were manufactured outside of the State of Arkansas for sale in other states, including the State of Arkansas, and all of which were necessary to the job duties that Plaintiff performed for Defendants.

22. During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

23. Plaintiff was employed by Defendants as an hourly employee from December of 2019 to January of 2020, and as a salaried employee from January of 2020 to April of 2020.

24. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and AMWA.

25. At all relevant times herein, Defendants were Plaintiff's "employer" within the meaning of the FLSA and AMWA.

26. Since January of 2020, Plaintiff was misclassified by Defendants as salaried and as exempt from the overtime wage protections of the FLSA, 29 U.S.C. § 207, and the AMWA Ark. Code Ann. § 11-4-211.

27. During the period relevant to this lawsuit, Plaintiff worked as a Service Technician for Defendants.

28. At all relevant times herein, Defendants directly hired Plaintiff to perform work on their behalf, paid him wages and benefits, controlled his work

schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

29. As a Service Technician, Plaintiff was primarily responsible for installing and performing maintenance on refrigerators.

30. Plaintiff did not have the authority to hire or fire any other employee.

31. Plaintiff was not asked to provide input as to which employees should be hired or fired.

32. Plaintiff did not exercise independent judgment in carrying out his duties.

33. Plaintiff regularly worked more than forty (40) hours in a week during the relevant time period.

34. Defendants did not pay Plaintiff one and one-half (1.5) his regular rate for all hours worked over forty (40) in a week.

35. At all relevant times herein, Defendants have deprived Plaintiff of sufficient overtime compensation for all of the hours he worked over forty (40) per week.

36. Defendants knew or showed reckless disregard for whether their actions violated the FLSA and the AMWA.

### IV. FIRST CAUSE OF ACTION—Violation of the FLSA

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

39. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

40. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

41. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

42. At all times relevant times to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

43. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

44. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

45. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

## V.     SECOND CAUSE OF ACTION—Claim for Violation of the AMWA

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

48. At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

49. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and 1.5x regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

50. At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

51. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

52. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Richard Usselman respectfully prays as follows:

A. That each Defendant be summoned to appear and answer herein;

B. Declaratory judgment that Defendants' practices alleged herein violate the FLSA and the AMWA;

C. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

D. Judgment for liquidated damages pursuant to the FLSA and AMWA;

E. For a reasonable attorney's fee, costs, and all interest; and

F. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF RICHARD USSELMAN**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com